**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE,<br><br>            Plaintiff,<br>vs.<br><br>GENERAL REINSURANCE CORPORATION,<br><br>            Defendants. | CIVIL ACTION NO. 16-2063<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, the Roman Catholic Diocese of Rockville Centre (the "Diocese"), by and through its attorneys, Reed Smith, LLP, as and for its Complaint against Defendant, General Reinsurance Corporation ("GRC"), respectfully alleges as follows

## I. NATURE OF THE CLAIMS

1. The Diocese brings this insurance recovery action against Defendant GRC for damages for breach of its "Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability, Policy No. X-12133A (the "Policy").

2. DW[1] made a claim for workers' compensation benefits. The New York State Workers' Compensation Board established the date of accidental injury to be January 27, 1993, which was within the policy period of the Policy.

3. The amount of loss for DW's claim exceeded $350,000, which is the Diocese's retention. GRC refused to pay the loss above the retention in breach of the Policy and in violation of its duty of good faith and fair dealing.

---

[1] Initials are used to protect the privacy of the claimant. GRC is aware of the identity of the underlying claimant at issue.

## II. THE PARTIES

4. The Diocese is a religious corporation formed by an act of the legislature of New York State and has its principal place of business in the State of New York.

5. GRC is a reinsurance company incorporated in the State of Delaware and has its principal place of business in the State of Connecticut. GRC is a Berkshire Hathaway company

## III. JURISDICTION

6. On or about March 22, 2016, Defendant GRC filed a notice of removal of action pursuant to 28 U.S.C. §§1441 and 1446 and 1332(a)(1). Accordingly, the Court's jurisdiction over this action is proper under §§1441, and or 1446, as this Court has original jurisdiction in accordance with 28 U.S.C. §1332(a)(1).

## IV. FACTUAL BACKGROUND

7. The Diocese is authorized to self-insure its workers' compensation risks.

8. GRC sold the Diocese policy number DX012133, which was titled "Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability" and had a policy period of September 1, 1989 to September 1, 1994 (the "GRC Policy").

9. The GRC Policy has limits of indemnity of $10,000,000 for workers' compensation claims for the period from September 1, 1992 to September 1, 1993, which applied excess of the Diocese's retention of $350,000.

10. DW made a claim for workers' compensation benefits arising out of a latex allergy (the "DW Claim").

11. In a ruling dated October 11, 1995, the New York Workers' Compensation Board held in the DW Claim that "Accident, notice, and causal relationship established to latex allergy" and "Correct date of accident is 1/27/93."

12. The ruling of the New York Workers' Compensation Board in the DW Claim is a final ruling that is not subject to collateral attack in this action. The accident date of the DW Claim is within the policy period of the GRC Policy.

13. The GRC Policy provides coverage for "bodily injury by accident" when "the bodily injury by accident occurs during the period this policy is in force."

14. Here, DW suffered bodily injury by accident that occurred while the GRC policy was in force.

15. As is GRC, Genesis Management and Insurance Services Corporation ("Genesis") is Berkshire Hathaway company. Genesis acted at all times as the agent of GRC. Genesis's communications to the Diocese regarding this matter were made on behalf of GRC.

16. On July 8, 2015, through Genesis, GRC denied coverage for the DW Claim, asserting that DW's injuries resulting from a latex allergy were an "occupational disease," not an accident. GRC sought to collaterally attack the findings of the Workers Compensation Board, arguing that despite the fact that DW suffered her allergic reaction within the policy period, her "disease" must be deemed to have occurred after the policy period ended.

17. Genesis represented that it had "conducted a reasonable investigation about whether an indemnification duty is owed under the Policy, as is our ongoing right on behalf of GRC," but offered to "consider any additional information you provide to ensure that Roman Catholic Diocese of Rockville Center [sic] is provided all benefits to which it is entitled, if any, under the Policy with respect to this matter."

18. In response, Gallagher Bassett (who was the third party administrator of the workers' compensation program) provided Genesis, and thus GRC, with the Notice of Decision from the New York Workers' Compensation Board and explained that the date of accident had

been established as January 27, 1993, and that benefits under the GRC Policy were therefore owed.

19. Despite additional entreaties from the Diocese, GRC failed to respond, except to say that it was still investigating the DW Claim. The Diocese showed GRC that the Board was correct to treat the claim as an accident as opposed to an occupational disease, under New York precedent, citing 110 N.Y. Jur.2d Workers' Compensation § 510 (Allergies) ("Severe allergies or other reactions arising from exposure to substances in the workplace may constitute an accidental injury within the meaning of the Workers' Compensation Law."); Bruse v. Holiday Inn, 16 A.D.3d 785, 790 N.Y.S.2d 765 (3d Dep't 2005); and Baxter v. Bristol Myers, 251 A.D.2d 753, 672 N.Y.S. 970 (3d Dep't 1998). Despite the clear regulatory findings and precedent, GRC declined to pay the DW Claim without any reasoned basis and in bad faith.

20. Even though the Diocese presented the Board's decision showing that the claim was deemed an "accident" with a date of accident within the policy period, and that the Board was correct in doing so, GRC has still declined to withdraw its denial and accept coverage, forcing the Diocese to initiate and continue this lawsuit. GRC may not relitigate a workers' compensation claim in this Court. GRC's actions and omissions in relation to the DW Claim were in violation of GRC's duty of good faith and fair dealing and required the Diocese to incur damages for delay, legal expense, and inconvenience.

21. It has long been recognized that conduct such as that exhibited by GRC violates the duty of good faith and fair dealing, including through evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, delay in payment, delay in communications, and forcing the policyholder into litigation to recover the benefit of the insurance policy.

## COUNT I – BREACH OF CONTRACT

22. The Diocese repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

23. The GRC Policy is a valid contract.

24. GRC breached that contract by failing to pay amounts due under that contract.

25. GRC breached its contract by failing to comply with its duty of good faith and fair dealing.

26. GRC's breach of its contractual duties caused damages to the Diocese.

27. GRC's conduct in this matter was so willfully and/or intentionally outrageous, perpetrated with a knowing disregard of its obligations to the Diocese, that punitive damages are necessary to deter and punish GRC's conduct.

**WHEREFORE**, the Diocese demands judgment against GB for all compensatory and consequential damages, prejudgment and post judgment interest, attorneys' fees, costs, punitive damages, and any further relief this Court deems equitable, just and proper.

## COUNT II – DECLARATORY JUDGMENT

28. The Diocese repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

29. A justiciable controversy exists between the Diocese and GRC as to their respective rights and obligations, and whether GRC is entitled to coverage for the DW Claim.

30. The Diocese seeks a judicial determination to resolve a present justiciable controversy among the parties regarding the coverage owed for the DW Claim.

31. The Diocese is entitled to a judicial declaration by this Court that GRC is obligated to provide the benefits of its insurance coverage for the DW Claim.

32. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

**WHEREFORE**, the Diocese respectfully prays for an Order of this Court: (a) entering a declaratory judgment that the GRC Policy provides coverage for the DW Claim; (b) awarding the Diocese its reasonable attorneys' and expert fees, costs, and expenses incurred in prosecuting this action; (c) awarding BGC all interest allowed by law; and (d) providing such other and further relief as the Court may deem just and proper.

JURY TRIAL DEMANDED.

Respectfully Submitted,

Dated: March 28, 2016

*s/Jill N. Priscott*
Jill N. Priscott
**REED SMITH LLP**
599 Lexington Avenue
22nd Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jpriscott@reedsmith.com

*Attorney for The Roman Catholic Diocese of Rockville Centre*